[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit wherein the plaintiff complains that she was not fully paid by the defendant, for whom she had been working as a real estate agent, for commissions earned by her on the sales of two properties, one in Naugatuck and one in Middlebury.
The plaintiff's contract with the defendant was signed March 14, 1988. The defendant testified that the plaintiff was terminated May 3, 1988.
The plaintiff claimed she was entitled to a commission on the sale of property at 214 Longview Terrace in Naugatuck. The listing on this property was obtained by the plaintiff as a result of a telephone call to the agency which the plaintiff took when she was answering the telephones at the agency. The agreement for the listing is dated April 7, 1988 and was signed by the plaintiff, the defendant and the owners of the property. The closing on the CT Page 7677 property was on July 27, 1988 and the agency received a commission of $4125 for the sale.
The plaintiff testified that she and the defendant had made an agreement concerning her share of any commissions which was larger than the regular share she would have been entitled to. The defendant denied there was any such agreement. The court would think that if there were such an agreement the plaintiff would have sent the defendant a memorandum of the agreement confirming what had been agreed to and this memorandum could have been put in evidence. Instead the defendant offered Defendant's Exhibit 1 sent the plaintiff after she was terminated which reads in part:
 "In the event you have transactions pending that require further work normally rendered by the salesman, will, at my discretion, make arrangements with another salesman in our office to perform the required work and the salesman assigned shall be compensated for completing the details of the pending transactions. The amount of compensation will be determined by me based upon the amount of work required and deducted from your share of commission. . . ."
This apparently was based on Paragraph 21 of the contract of March 14, 1988, which reads in part:
 "After termination of this contract by Broker, Salesman shall receive agreed listing commissions on any listing procured by him if sold within the life of the listing, excluding any renewal. . . ."
The plaintiff claimed she received $948.75 as her share of the Commission on the sale of the Naugatuck property. How this was computed does not appear in the record. It may be that 10% of the total commission of $4125.00 was taken off for the agency leaving $3712.50 and 25% of this amount was given to the plaintiff as her share. These computations would result in a figure of $928.12 for the plaintiff. The court cannot account for the difference between the $948.75 which the plaintiff received and the $928.12. From the evidence of the amount of work which the plaintiff did on the sale and the amount of work the selling agent must have done just comparing those amounts the commission for the plaintiff would have resulted in a much smaller amount than the amount given her.
After the plaintiff was terminated on May 3, 1988 the listing of the Middlebury property was received by the agency on May 18, 1988. Thus whatever the plaintiff did in the matter could only be as a volunteer. She had no contractual relationships with the defendant at that time and the defendant had no obligation to pay her any part of the commission on the sale. Any amount paid the CT Page 7678 plaintiff could only be a gift and the plaintiff would have no right to complain about the amount of the money paid her.
The plaintiff also claims that 31-72 of the General Statutes applies to these matters. It does not apply as that section governs the payment of "wages". Paragraph 22 of the contract of March 14, 1988 reads in part:
 "Broker and Salesman agree that Salesman is an Independent Contractor and not Broker's employee. . . . Salesman shall not be treated as an employee with respect to services performed hereunder for state and federal tax purposes."
Any payments to the plaintiff were not wages and the claim is without merit.
Judgment may enter for the defendant.
THOMAS J. O'SULLIVAN TRIAL REFEREE